UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASEY CONLEY,<br><br>　　　　　　　Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　Respondent. | Case No.: 3:19-cv-00766-BEN<br>　　　　　　3:14-cr-01464-BEN-1<br><br>**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE** |

Petitioner Casey Conley[1] moves under 28 U.S.C. § 2255 ("Section 2255") to Vacate, Set Aside, or Correct his Sentence. ECF No. 57.[2] For the reasons discussed below, the Court **DENIES** his motion.

**I.   BACKGROUND**

On April 16, 2014, federal agents, operating on information provided by a confidential source, arrested Petitioner for (1) possession of a controlled substance with

---

[1]   In reviewing Petitioner's motion, the Court is mindful that, "[a] document filed *pro se* is to be liberally construed … and a *pro se* [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

[2]   All ECF. No. references are to the criminal case, 3:14-cr-01464-BEN-1.

1

intent to distribute, 21 U.S.C. § 841(a)(1), and (2) possession of a firearm despite a felony conviction, 18 U.S.C. § 922(g)(1). Arrest Warrant, ECF No. 11. When the agents initially approached Petitioner he fled, but the agents eventually detained and arrested Petitioner, recovering 219 grams of actual methamphetamine in the bag he had thrown to the ground before fleeing. Pre-Sentence Report, ECF No. 29 ("PSR") at 3-4. A subsequent search of the Petitioner's apartment produced 38.72 total grams of methamphetamine (actual), 16.3 grams of morphine, 31.4 grams of fentanyl, 3.8 grams of hashish, 80.4 grams of marijuana, two digital scales, 39.8 grams of dried mushrooms (not tested), a Model 1680 Army revolver, numerous plastic baggies, and $2,567.00 in cash. *Id*. at 4. The agents searched another residence associated with Petitioner, locating 73.3 grams of marijuana; a glass pipe; unspecified drug paraphernalia; a digital scale; a collapsible baton; four semiautomatic pistols, one of which had had its serial number removed; one 12-gauge shotgun, which had been reported stolen; magazines; various other firearm parts and accessories; 12 shotgun shells; 315 rounds of assorted ammunition; and a ballistic vest. *Id*. After his arrest, Petitioner admitted that the firearms and methamphetamine were his, and that he sells drugs to support his habit. *Id*.

On May 29, 2014, Petitioner waived his right to prosecution by indictment and consented to prosecution by information. ECF No. 14. The same day, a three-count Information was filed in the Southern District of California, charging Petitioner with (1) distribution of approximately 70 grams (0.15 pounds) of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1); (2) possession of approximately 255 grams (0.52 pounds) of methamphetamine, a Schedule II controlled substance, with intent to distribute, in violation of 21 U.S.C. § 841(a)(1); and (3) possession of a Mossberg 12 gauge shotgun, a Star 9mm semiautomatic pistol, a Ruger P95 9 mm semiautomatic pistol, an AR-15 style lower receiver, a Para Ordinance 0.40 caliber semiautomatic pistol, a Tec-9 semiautomatic pistol, and an AR-10 upper receiver and barrel, in violation 19 U.S.C. § 922(g)(1), which prohibits convicted felons from possessing firearms. *Id*.

2

On March 2, 2015, Petitioner consented to entering a Rule 11 plea, and a change of plea hearing was held before Magistrate Judge Bernard Skomal. ECF. No. 24. After Petitioner was placed under oath, the Court found, *inter alia*, that the plea was knowing and voluntarily entered, there was a factual and legal basis for the plea, and with limited exceptions, Petitioner effectively waived his right to appeal or collaterally attack his sentence. ECF. No. 27 at 3-5. Accordingly, Magistrate Judge Skomal issued Findings and Recommendations, recommending that the Court accept Petitioner's guilty plea to Count 2 of the information. *Id.* at 4. That same day, Petitioner signed a written plea agreement, pursuant to which Petitioner agreed to plead guilty to possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841 (the "Plea Agreement"). *See* ECF No. 26. In the Plea Agreement, Petitioner initialed pages indicating he understood, among other things, that:

(1) he and the government had *no* agreement as to his criminal history category;

(2) he could receive a term of supervised release "of at least 5 years up to life;"

(3) the government would recommend a two-step downward departure from the sentencing guideline level for Petitioner's acceptance of fast-track sentencing;

(4) the United States Sentencing Guidelines are only advisory;

(5) the Court "may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction;"

(6) the government "has not made and will not make any representation about what sentence defendant will receive;" and

(7) "any estimate or the probable sentence by defense counsel is a prediction, not a promise, and is not binding on the Court."

The Parties submitted identical sentencing summary chart calculations. *See* ECF Nos. 31, 33. The Parties' Sentencing Guideline Calculations were as follows:

**Base Offense Level** [U.S.S.G. § 2D1.1(c)(4)]: 32

**Possession of a Firearm** [U.S.S.G. § 2D1.1(b)(1)]: +2

**Career Offender** [U.S.S.G. § 4B1.1(b)(1)]: + 3

3

1       Accordingly, the Adjusted Offense Level was 37. *See* ECF Nos. 31, 33.

2       On March 19, 2015, after no objections were received, the Court ordered that the Findings and Recommendations of the Magistrate Judge were adopted and accepted Petitioner's guilty plea. ECF. No. 28.

During sentencing, both the government and defense counsel, Michael S. Berg, argued for a three-level reduction for fast-track. Tr., ECF No. 48, 13-14. The Court adopted this recommendation, initially reducing the Offense Level to 34. *Id*. The Court then addressed the government's further argument for another six-level reduction for substantial assistance pursuant to United States Sentencing Guideline § 5K1.1. *Id*. at 11.

While the Court considered the government's argument favoring reduction and was aware of its authority to depart from the Guidelines, it chose to add only a one-level reduction because of Petitioner's extensive criminal history. *Id*. at 9-10. The Court specifically noted its concern Petitioner was dealing in both drugs and firearms, and thus found a one-level departure appropriate instead of the six-level departure argued by the government. *Id*. Subtracting the fast-track reduction and one-level departure for substantial assistance, the Court found the offense level was 33, with a Guidelines Range of 235 to 293 months. The Court then imposed a 180-month sentence followed by a life term of supervised release, explaining its downward departure from the guidelines based on Petitioner's prior military service, for which the Court found he deserved some credit.

Petitioner appealed his sentence, and the Ninth Circuit affirmed. *See United States v. Conley*, 669 Fed. App'x 433 (9th Cir. 2016). The court held the "sentence [was] substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Conley's extensive criminal history." *Id*. at 433-34.

On February 14, 2018, Petitioner filed this motion less than one year after the United States Supreme Court denied his petition for writ of certiorari, *Conley v. United States*, 137 S.Ct. 1111 (2017), alleging Mr. Berg provided ineffective assistance of counsel.

## II. LEGAL STANDARD

Under Section 2255, a petitioner is entitled to relief if the sentence (1) was imposed in violation of the Constitution or the laws of the United States, (2) was given by a court without jurisdiction to do so, (3) was in excess of the maximum sentence authorized by law, or (4) is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Speelman*, 431 F.3d 1226, 1230 n.2 (9th Cir. 2005). Here, Petitioner alleges his sentence was imposed in violation of his Sixth Amendment right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *United States v. Alferahin*, 433 F.3d 1148, 1160-61 (9th Cir. 2006).

## III. ANALYSIS

Petitioner alleges his counsel was ineffective by failing to object during sentencing when the government allegedly breached the Plea Agreement. ECF No. 57 at 6. He further argues that either alone or cumulatively, his counsel provided ineffective assistance by failing to object to (1) a life term of supervised release, (2) the use of drug evidence allegedly not tested for purity, and (3) the Court's alleged failure to consider reductions for fast-track sentencing and substantial assistance to the government. ECF No. 57 at 7. Finally, Petitioner alleges his counsel was ineffective due to an unspecified conflict of interest. The Court addresses these arguments below.

### A. Ineffective Assistance of Counsel

The Supreme Court has held "that the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). The *Strickland* test also applies to noncapital sentencing proceedings. *Daire v. Lattimore*, 812 F.3d 766, 767 (9th Cir. 2016) (citing *Glover v. United States*, 531 U.S. 198, 202-04 (2001). "Even though sentencing does not concern the defendant's guilt or innocence, ineffective assistance of counsel during a sentencing hearing can result in *Strickland* prejudice because 'any amount of [additional] jail time has Sixth Amendment significance.'" *Lafler v. Cooper*, 556 U.S. 156, 165 (2012).

At sentencing, "the formulation of the standard [for deficient performance, as an element of ineffective assistance of counsel] is the same: reasonable competence in representing the accused." *See Premo v. Moore*, 562 U.S. 115, 126 (2011) (quoting *Strickland*, 466 U.S. at 688) (alteration in original). Thus, in a claim of ineffective assistance of counsel arising out of a defendant's sentencing, the defendant must meet the *Strickland* test by showing that (1) under an objective standard, "counsel's assistance was not within the range of competence demanded of counsel in criminal cases" and (2) the defendant suffered actual prejudice because of this incompetence. *Lambert*, 393 F.3d at 979–80; *Lockhart*, 474 U.S. at 57-58. "Unless a defendant makes both showings, it cannot be said that the conviction...resulted from a breakdown in the adversary process that renders the result unreliable." *Strickland*, 466 U.S. at 687.

With respect to the first factor, "[w]hen a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687-88. This involves proving "that counsel's performance was deficient," by "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687; *see also Iaea v. Sunnn*, 800 F.2d 861, 864 (9th Cir. 1986) (citing *Strickland*).

As to the second factor, "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 58-59. "The purpose of the Sixth Amendment guarantee of counsel is to ensure that a defendant has the assistance necessary to justify reliance on the outcome of the proceeding." *Strickland*, 466 U.S. at 691-92. "A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id*. at 690. Then, the court evaluates "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id*.

### 1. *Failure to Object to Criminal History*

Petitioner first argues Mr. Berg provided ineffective assistance by failing to object when the government allegedly breached the Plea Agreement by recommending Petitioner's sentence be enhanced under the "Career Offender" guideline. Mot., ECF No. 57, 9-10. The government responds that the Plea Agreement expressly states the Parties did not have an agreement as to Petitioner's criminal history category. Opp'n, ECF No. 66, 13-14. Accordingly, it argues, the government did not breach the agreement and therefore any objection from Mr. Berg would have been meritless. *Id.*

The government does not breach a plea agreement by indicating a defendant is a career offender on its initial Sentencing Summary Chart where the Plea Agreement expressly makes no promises as to the defendant's criminal history category. *See United States v. Schuman*, 127 F.3d 815, 817 (9th Cir. 1997); *United States de la Fuente*, 8 F.3d 1333, 1340 (9th Cir. 1993). Moreover, "Plea agreements are contractual in nature." *Schuman*, 127 F.3d at 817. In that vein, where the plea agreement expressly states the parties have no agreement as to a defendant's criminal history, the government does not breach the plea agreement by arguing for a career offender enhancement based on criminal history.

Petitioner's cited authority does not require a different conclusion. Petitioner cites to *United States v. Gallagher*, where the Ninth Circuit held the government breached a plea agreement by making "an *unfulfillable* recommendation in exchange for [the defendant's] guilty plea." 1998 U.S. App. LEXIS 20660, at *3-4 (9th Cir. 1998) (emphasis added). Here, the plea agreement specifically stated the government made no promises as to Petitioner's criminal history. ECF No. 26, 11. Petitioner's criminal history did not prevent the government from fulfilling its obligations under the sentencing recommendation. Instead, it specifically put Petitioner on notice that his criminal history could be a factor in sentencing.

The Court finds the government did not breach the Plea Agreement by arguing for an enhancement based on criminal history. Because the government did not breach the

7

Plea Agreement, Petitioner cannot argue his counsel was ineffective for failing to object. Accordingly, Petitioner's first claim fails to show ineffective assistance of counsel.

### 2. *Other alleged failures do not constitute ineffective assistance*

Petitioner's second claim is that on their own or cumulatively, four other alleged deficiencies constitute ineffective assistance of counsel. Mot, ECF No. 57, 10-12. Specifically, Petitioner argues his attorney (1) failed to object to imposition of a life term of supervised release when the term was allegedly "unlawful and unreasonable;" (2) failed to object to "unlawful, false, and unreliable evidence"—namely, that the methamphetamine Petitioner possessed was allegedly never tested for purity and nonetheless formed the basis for his sentence; (3) failed to object to the Court's alleged failure to consider reductions for fast-track and substantial assistance; and (4) had an alleged "conflict of interest [that] adversely affected" counsel's duty to Petitioner. The Court addresses each argument in turn.

First, Petitioner's sentence was not unlawful or unreasonable. Petitioner appealed his sentence, which was upheld by the Ninth Circuit as being reasonable in light of the totality of the circumstances. *Conley*, 669 Fed. App'x, at 433. Additionally, the Ninth Circuit has specifically rejected the argument that a life term of supervised release is unlawful under the circumstances argued here. *See United States v. Barragan*, 263 F.3d 919, 925-26 (9th Cir. 2001); *United States v. Ross*, 338 F.3d 1054, 1057 (9th Cir. 2003). Because the Ninth Circuit has held Petitioner's sentence to be lawful and reasonable and has previously rejected Petitioner's argument raised here, this allegation fails to show ineffective assistance of counsel.

Second, Petitioner argues his counsel was ineffective for not objecting when "the methamphetamine was never checked for purity." Mot., ECF No. 57, 11. This bare allegation is not factually supported anywhere else in Petitioner's moving papers. The Ninth Circuit has held that conclusory allegations are insufficient to warrant an evidentiary hearing, let alone be the basis for granting a Section 2255 motion. *See Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989). Even considering the merits,

Petitioner's argument is contrary to the record.  The Pre-Sentence Report ("PSR") indicates that the methamphetamine was tested in a laboratory, used by the Probation Officer in the offense level computation for the PSR, and reflected on both the government and Petitioner's Sentencing Summary Charts.  *See* ECF Nos., 29, 31, and 33. Accordingly, this allegation fails to show ineffective assistance of counsel.

Third, Petitioner argues his counsel was ineffective for not objecting to the Court's alleged failure to consider reductions for fast-track sentencing and Petitioner's substantial assistance to the government.  Mot., ECF No. 57, 11.  Petitioner previously raised this argument on appeal, and the Ninth Circuit held that this Court considered fast-track and substantial assistance departures in properly exercising its sentencing discretion.  *See Conley*, 433 Fed. App'x at 433.  Moreover, the record clearly indicates Petitioner's argument here has no merit.  The Court considered the arguments raised for these downward departures from the sentencing guidelines but found that a four-level departure for fast-track and substantial assistance was appropriate instead of the recommended nine-level departure.  *See* ECF No. 48, 10-12; *see also United States v. Webster*, 108 F.3d 1156, 1158 (9th Cir. 1997) (holding the trial judge did not err when she recognized her authority to make a downward departure from the sentencing guidelines but chose not to do so).  The Court specifically noted Petitioner's extensive criminal history and dealing in firearms as reasons for rejecting a larger downward departure.  ECF No. 48, at 12. Accordingly, the record indicates the Court considered the arguments Petitioner now alleges it failed to hear.  Therefore, Petitioner's argument for ineffective assistance of counsel fails.

Finally, Petitioner argues his counsel "labored under an actual conflict of interest which adversely affected his performance during the pretrial, plea, sentencing, and direct appeal process in this case" because he "owed a 'duty' other than to [Petitioner.]'"  Mot., ECF No. 57, 11.  Similar to his argument regarding purity of the methamphetamine, discussed above, Petitioner does not support this statement with any factual allegations. Because conclusory allegations are insufficient to warrant granting a Section 2255

1  motion, this allegation likewise fails to show ineffective assistance of counsel. *See Shah*,
2  878 F.2d at 1161.
3      In sum, none of Petitioner's arguments, either standing alone or together, establish
4  deficient performance on the part of his attorney or prejudice to his case. *See Strickland*,
5  466 U.S. at 668. Accordingly, Petitioner's Motion is denied.

### B.    Petitioner Is Not Entitled to an Evidentiary Hearing

Petitioner has failed to provide the Court with credible evidence to substantiate his claims of ineffective assistance of counsel. Instead, he has provided the Court with nothing more than conclusory allegations, which fail to warrant an evidentiary hearing. *Cf. Blackledge v. Allison*, 431 U.S. 63, 74 (1977) (providing that "[s]olemn declarations in open court carry a strong presumption of verity" such that "[t]he subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible"). Because the Court finds sufficient information in the record to allow the Court to rule on Petitioner's Motion, the Court denies Petitioner's Motion without an evidentiary hearing. *See United States v. Espinoza*, 866 F.2d 1067, 1069 (9th Cir. 1988) (noting that courts are not required to hold an evidentiary hearing when ruling on a Section 2255 motion where the claims could "be conclusively decided on the basis of documentary testimony and evidence in the record"); *United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989) (per curiam) (reiterating that district courts are not required to hold an evidentiary hearing if the allegations fail to state a claim for relief).

## IV.    CONCLUSION

For the foregoing reasons, Petitioner's Motion is **DENIED**.

Because the record refutes Petitioner's factual allegations and otherwise precludes habeas relief, Petitioner's Motion is **DENIED** without an evidentiary hearing.

Finally, the Court denies Petitioner a certificate of appealability. A defendant is required to obtain a certificate of appealability in order to appeal a decision denying a motion under 28 U.S.C. § 2255. A court may issue a certificate of appealability where

the movant has made a "substantial showing of the denial of a constitutional right," and reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003). This Court finds that Petitioner has not made the necessary showing. A certificate of appealability is therefore **DENIED.**

**IT IS SO ORDERED.**

DATED: February 23, 2021

_____
HON. ROGER T. BENITEZ
United States District Court Judge